UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CRAIG BLACKMON,** | Civil Action No. 20-7507 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| Respondents. | |

Petitioner Craig Blackmon, a prisoner currently confined at Northern State Prison in Newark, New Jersey, is proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Presently before the Court is Respondents' Motion to Seal Exhibit B filed in support of their answer to the petition. (EFC No. 12.) Respondents state that Exhibit B contains confidential documents, including: Petitioner's pre-sentence investigation report; mental health evaluations of Petitioner; a document entitled "Confidential Reports Considered"; and a document titled "Confidential Addendum to Amended Three-Member Panel Narrative Notice of Decision." (Josephson Decl. ¶ 5, ECF No. 12-1.) Petitioner has not filed opposition to the Motion.

Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* Pursuant to Local Civil Rule 5.3(c)(3), the moving party must describe:

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private or public interest which warrant the relief sought;

      (c) the clearly defined and serious injury that would result if the relief sought is not granted;
      (d) why a less restrictive alternative to the relief sought is not available;
      (e) any prior order sealing the same materials in the pending action; and
      (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

     Respondents seek to seal several documents, each of which contain information with a recognized privacy interest. First, Respondents request to seal Petitioner's pre-sentence investigation report. (Josephson Decl. ¶ 5.) New Jersey and Federal courts have recognized the legitimate privacy interest that pre-sentence investigation reports entail. *See, e.g.*, *United States v. Cianscewski*, 894 F.2d 74, 79 n.17 (3d Cir. 1990) ("The presentence report has always been considered a confidential document."); *United States v. Preate*, 927 F. Supp. 163, 165 (M.D. Pa. 1996) (setting forth reasons for confidentiality of pre-sentence reports); *State v. DeGeorge*, 274 A.2d 593, 595 (N.J. Super. Ct. App. Div. 1971) (stating that pre-sentence reports "should not be a matter of public record").

     Second, Respondents seek to seal Petitioner's mental health evaluations and documents titled "Confidential Reports Considered" and "Confidential Addendum to Amended Three-Member Panel Narrative Notice of Decision." (Josephson Decl. ¶ 5.) Courts have also recognized the legitimate privacy interest in mental health records. *See, e.g.*, *Hubbard v. D'Ilio*, No. 14-7258, 2018 WL 2958605, at *7 (D.N.J. June 13, 2018) (recognizing the compelling interest in maintaining confidentiality of petitioner's mental health records); *see also* N.J.A.C. § 10A:22-2.7(d) (prohibiting the disclosure of certain mental health records, including mental health evaluations generated by a professional, to the inmate absent a court order). Given each of these

considerations, Respondents have adequately demonstrated a legitimate privacy interest that warrants the sealing of the enumerated records.

As to the injury that would result if this Court does not grant the relief Respondents seek, Respondents assert that disclosure would irreparably violate Petitioner's privacy rights. (*See* ECF No. 12-2, at 3.) Respondents also submit that there exists no less restrictive alternative other than maintaining these documents under seal. (Josephson Decl. ¶ 8.) This Court agrees. The documents are necessary to aid the Court in its consideration of Petitioner's habeas petition, and each document contains sensitive and confidential information that, if disclosed, would harm Petitioner's privacy interests in his criminal and medical history. Additionally, there is no prior order sealing these materials and there is no known party objecting to the sealing of the documents. Accordingly, Respondents have adequately demonstrated that restriction is necessary, and the Court will grant Respondents' Motion to Seal.

**IT IS** on this __19th__ day of July 2021,

**ORDERED** that Respondents' Motion to Seal (ECF No. 12) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain under seal the confidential documents contained in Respondents' Exhibit B (ECF No. 13); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail.

_____
**Zahid N. Quraishi**
**United States District Judge**